No. 8960.

## SUCCESSION OF JOHN GEDDES.

The rules relative to the time of payment of debts, delivery of legacies and the separation of patrimony find no application in cases of thoroughly solvent successions.

The appellate court does not sit to revise the reasons assigned by the judge of the lower court in support of a judgment which is affirmed. It surely cannot do so where the reasons were "*orally assigned*," and therefore do not come up with the transcript. This Court reviews and passes upon the correctness of the judgment appealed from. The reasons assigned by it for the affirmance of such judgment are to be taken as those justifying the judgment of the lower court.

Where the lower court orders, without giving written reasons, the delivery to a surviving wife in community, of the legacies made to her by her deceased husband, of property once forming part of the community assets, and this Court, affirming that judgment, decides that the bequests made consist of the half of the deceased in such property, the reasons of this Court must be deemed as those which were or should have been given by the court of first instance

Rehearing refused.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*T. Gilmore & Sons* for the widow in community, Appellee.
*J. Ad. Rozier* for the executors, Appellants.

The opinion of the Court was delivered by

POCHÉ, J. The executors of the last will of John Geddes have taken this appeal from a judgment ordering them to deliver to the widow of the deceased certain specified objects bequeathed to her by her husband in his will, which has been duly probated.

The defense which they urged against the widow's demand is in substance: That her demand was premature and could not be entertained before a settlement of the community which had existed between the spouses, and before the expiration of the delay allowed by law to the executors for the payment of debts, to be preceded by a sale of the property for that purpose, if necessary.

The record shows that the property, which all belonged to the community, amounted to $147,910 84, and that the succession owed no debts beyond the expenses of the last illness and funeral charges, which have already been settled out of the cash assets of the succession. The legacies to the widow consist of the dwelling-house occupied by the two spouses, and of bonds, stock, etc. The other legacies contained in the will are moneyed bequests. The deceased left no issue of the marriage, and no forced heirs.

The mere statement of the foregoing facts appears to us a sufficient answer to the defense urged by the executors.

After a careful study and grave reflection on the subject, we are entirely at a loss to appreciate the strength of the position which they have assumed in their resistance to the just and legal demand of Mrs. Geddes for the execution of the last will entrusted to them by the deceased.

We have followed the argument of their learned counsel, and have considered all the authorities which he quotes in support of the well known rule of succession law under which the widow can claim nothing from the community previous to a settlement of the same and to the payment of the debts, and under which it is settled that her interest in the community is merely residuary. But the issue presented herein cannot be affected by these principles, as invoked and applied by appellants.

In the present proceeding, the widow is not pressing any of her rights as surviving partner in community, but she simply seeks to enforce her rights as a legatee under the will.

As her legacies are specific objects, her claim thereto cannot be affected by the other legacies which are for money. The latter are subordinate to her claim and should be reduced if the assets of the succession should be insufficient to cover all the legacies. C. C. art. 1635.

But no such contingency is presented in this case, in which it appears that the executors have in hand funds left by the testator, and since collected as revenues of the succession property, in an amount nearly sufficient to discharge all the moneyed legacies provided for in the will of the deceased.

Under our law, at the death of Geddes his widow became the absolute owner of one-half of all the property comprised in the inventory as belonging to the succession and community, subject only to the payment of community debts, if any existed. Tugwell vs. Tugwell, 32 A. 848; Glasscock vs. Clark, 33 A. 584.

She is therefore owner in her own right of surviving partner in community of one-half of all the property bequeathed to her in her husband's will. Her ownership and seizin of that portion of the property result from the operation of law, and of her own will in accepting the community; and neither could be affected, increased or restricted by any testamentary dispositions of her husband.

Her demand in this proceeding is, therefore, for the delivery and possession of the other half of said property; of the only portion thereof which accrues to her under the effect of the will.

Under the circumstances of this succession, the resistance of the executors is unjustifiable and illegal, and is in direct opposition to the will of the testator, from whom they have received and accepted the solemn trust of executors.

We, therefore, find no error in the conclusions of our brother of the District Court.

Judgment affirmed.

## ON APPLICATION FOR A REHEARING.

BERMUDEZ, C. J.   The executors contend that the Court erred in not rejecting, as premature, the demand of widow Geddes for the delivery to her, by them, of the specific property bequeathed to her by her late husband.

The universal legatees complain that the judgment appealed from and which was affirmed, was not explained by this Court so as to leave no doubt as to its meaning.

### I.

It is perfectly true, as a rule, that executors are prohibited from paying the debts, with some exceptions, until after three months from the opening of the succession and unless upon compliance with the forms of law.   It is likewise so, that legacies can be satisfied only after payment of the debts and of contributions for the legitimate portion when there are forced heirs.

It is equally true that creditors have the right to sue for the separation of patrimony within three months from the acceptance of the heirs.

But, it is no less certain that those rules do not obtain in a case like the present one, where there are no debts, no forced heirs and where no separation of patrimony has been asked or can be asked by anyone.

If the petition of the widow, *as legatee*, asking to be put in possession of the bequests made to her by her husband, could have been assailed on the ground of prematurity, the objection has surely ceased to have any foundation to stand upon, by the lapse of time which has gone by since it was made, without any opposition on the part of any creditor or legatee.   The judgment appealed from was rendered more than four months after the death of the testator and there was no suggestion made of any impediment thrown in the way of its execution by anyone claiming any adverse interest.

No just or plausible reason can be found on which to base the resistance of the executors.

The District Judge decreed that the executors deliver to widow Geddes "all the legacies bequeathed to her by the deceased  \*  \*  \*  \* together with the rents and revenues thereof from  \*  \*  \* the date of her demand for the same."

The petition states what those legacies consist of.

It is true that the District Judge gave no reasons explanatory of his decree, other than such as were orally assigned. No doubt, it would be preferable if judges were to give a written and condensed opinion, in justification of their decree, for that would sometimes assist in better understanding the judgment, but however that be, this was not done in this case.

This Court has given the reasons for which the decree rendered, was pronounced, on review, to be correct. It does not sit to revise reasons for judgment, but to reconsider the judgment itself and when it affirms a judgment, its reasons must be considered as those justifying the judgment.

In the present case, we have distinctly held that the legacies the testator intended to bequeath and which his widow has inherited, could and did consist of his half of the property and effects mentioned in his will, for it is evident that he could make to his wife no bequest of that which, at the dissolution of the community by his death, would be hers in full property, burdened as it might eventually have been, but was not, by claims of creditors of the community.

Because his widow accepted that community under benefit of inventory under the provisions of a recent law, it cannot be charged that her half in the community property did not anyhow vest in her, in full property. This sort of an acceptance is assimilated to that of the heir, who succeeds the deceased at the moment of death and who, by taking time, only seeks to protect himself from liability, in case of absorption of the assets by the debts.

Rehearing refused.